IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 13 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

JOLANDA HOSKINS,

        Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

        Defendant.

CIVIL ACTION NO.
1:05-CV-2767-JEC

**ORDER & OPINION**

This case is presently before the Court on plaintiff's Motion for Remand and Authority Therefor [5]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion for Remand and Authority Therefor [5] should be **DENIED**.

**BACKGROUND**

The action underlying the present motion for remand arises out of a policy of fire insurance issued by defendant Allstate Insurance Company to plaintiff Jolanda Hoskins. (Def. Allstate Ins. Co.'s Mem. of Law in Opp'n to Pl.'s Mot. to Remand ("Resp. Remand") [7] at 1.) Some time after the policy was issued, plaintiff made a claim for fire loss, which claim was denied by defendant. (Id. at 2.) On March 11, 2005, plaintiff filed suit against defendant in the Superior

Court of Fulton County, Georgia, claiming that defendant had breached its contract of insurance with plaintiff. (*Id.*)

Plaintiff subsequently dismissed her case in March of 2005, only to refile her Complaint on September 29, 2005. (*Id.*) On October 17, 2005, plaintiff amended her Complaint. (Mot. for Remand and Authority Therefor ("Remand") [5] at 1.) By letter dated October 24, 2005, defendant sent an answer and notice of removal to the Superior Court of Fulton County. (*Id.* at Ex. A.) By letter dated October 24, 2005, defendant also sent a civil cover sheet, notice of removal, verification, and jury demand to this Court. (*Id.* at Ex. A.) As evidenced by the file-stamp placed on the top right-hand corner of the document, the Notice of Removal sent to this Court was filed on October 25, 2005. (Resp. Remand at Ex. A.) As evidenced by the file-stamp placed on the top right-hand corner of the document, the Notice of Removal sent to the Superior Court of Fulton County was filed on October 26, 2005. (*Id.* at Ex. B.)

## DISCUSSION

Based on the above, on November 22, 2005, plaintiff filed a motion to remand this action to the Superior Court of Fulton County on the ground that defendant's notice of removal is defective. (Removal at 2.) Plaintiff does not argue for remand based on lack of subject matter jurisdiction. Instead, plaintiff argues that this case should be remanded because defendant's simultaneous mailing of

2

its notice of removal to the state court and federal court–as evidenced by the October 24, 2005 date affixed to the letters sent to both courts––is in violation of 28 U.S.C. § 1446's requirement that a defendant file its notice of removal with the relevant state court after filing its notice of removal with the district court of the United States for the district and division within which such action is pending. (*Id.* at 1-5.)  Plaintiff argues that defendant filed its notices simultaneously in each court, which timing, plaintiff argues, is in violation of the statutory requirement that the notice be filed first in federal court.  Plaintiff also argues that the fact that defendant's notices ended up being filed in a sequence that complies with the provisions of 28 U.S.C. § 1446 is irrelevant because, inasmuch as the letters sending out these notices were dated the same day, the staggered filings can be attributed to nothing more than luck. (Reply to Def.'s Resp. to Pl.'s Mot. for Remand and Authority Therefore ("Reply") [15] at 4.)

The statute at issue, 28 U.S.C. § 1446, governs the procedure for removing a case from state court to federal court.  It provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court <u>shall file in the district court of the United States</u> for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

3

28 U.S.C. § 1446(a)(emphasis added). With regard to notice to the state court from which the action is being removed, the statue requires:

> Promptly <u>after</u> the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and <u>shall file</u> a copy of the notice <u>with the clerk of such State court</u>, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d)(emphasis added).

The Court is well aware that "the district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 255-56 (N.D. Ga. 1996)(O'Kelley, J.)(citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Here, however, plaintiff's own facts do not even support her strained reading of the statute. That is, plaintiff argues that remand is necessary because the defendant's notice was not filed with the state court <u>after</u> having been filed in federal court, but, instead, was filed simultaneously with the federal notice. Yet, as plaintiff now concedes, the state notice was filed a day after the federal notice was docketed. Specifically, as evidenced by the file-stamps placed on the top right-hand corner of the Notice of Removal that defendant filed with the Fulton County Superior Court and the Notice of Removal that defendant filed with the United States District Court for the Northern District of

4

Georgia, defendant's notice of removal was filed first with the federal court (October 25, 2005) and then with the state court (October 26, 2005). Defendant's notices of removal having been so filed, plaintiff's own argument fails. The dates affixed to the letters sent to the state court and federal court requesting that defendant's notice of removal be filed are irrelevant. As the language of 28 U.S.C. § 1446 makes clear, the date that matters is the date of filing.[1]

Plaintiff has asserted no other basis for remand and it appears from the face of defendant's notice of removal that this Court has valid subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Accordingly, the Court **DENIES** plaintiff's Motion for Remand and Authority Therefor [5].

## CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's Motion for Remand and Authority Therefor [5].

---

[1] The Court does not have to address what result would occur had the state notice actually been docketed on the same day as the federal notice. Nonetheless, the Court cannot envision it, or any Court, basing remand on such an occurrence. The emphasis of the statute is on the need for a prompt filing in state court of the notice of remand that had been filed in federal court. Filing a notice in state court simultaneously with filing it in federal court is about as prompt as one can get.

SO ORDERED, this ⎯⎯13⎯⎯ day of July, 2006.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)